

U.S. Department of Justice

*United States Attorney*
*Southern District of West Virginia*

Robert C. Byrd United States Courthouse
300 Virginia Street, East, Suite 4000
Charleston, WV 25301
Fax: (304) 347-5104

Mailing Address
Post Office Box 1713
Charleston, WV 25326-1713
(304) 345-2200
1-800-659-8726

December 27, 2011

Robert B. Allen, Esq.
Kay Casto & Chaney
P O Box 2031
Charleston, WV 25327

    Re: United States v. James P. Wooley

Dear Mr. Allen:

    This will confirm our conversations with regard to your client, Mr. James P. Wooley (hereinafter "Mr. Wooley"). As a result of these conversations, it is agreed by and between the United States and Mr. Wooley as follows:

    1.  **CHARGING AGREEMENT.** Mr. Wooley agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

    2.  **RESOLUTION OF CHARGES.** Mr. Wooley will plead guilty to a violation of 21 U.S.C. § 846 (conspiracy to acquire or obtain controlled substances by misrepresentation, fraud, forgery, deception and subterfuge, in violation of 21 U.S.C. § 843(a)(3)).

    3.  **MAXIMUM POTENTIAL PENALTY.**[1] The maximum penalty to which Mr. Wooley will be exposed by virtue of this guilty plea is as follows:

    (a) Imprisonment for a period of four years;

---

[1] Paragraph 3 sets out the maximum statutory penalties applicable to the offense of conviction. However, the parties propose resolution of this case pursuant to FRCP 11(c)(1)(C) as more fully set out in paragraph 4 below. Accordingly, if the Court accepts this plea agreement, Mr. Wooley's sentence will be 2 years probation.

Def/endant's initials

    (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of one year;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Wooley for a period of five years; and

    (f)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

    4.    **RULE 11(c)(1)(C) AGREEMENT.**  Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and Mr. Wooley agree that a sentence of 2 years probation is the appropriate disposition of this case.  Mr. Wooley understands that this agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) is not binding on the District Court unless and until the District Court accepts this plea agreement.  If the Court refuses to accept this plea agreement, Mr. Wooley has the right to void this agreement and may withdraw his guilty plea. The parties have no agreement on a fine or restitution in this case.

    5.    **LICENSE REVOCATION.**  Mr. Wooley agrees that within 60 days of signing this plea agreement, and based on his admission that he committed a felony relating to a controlled substance, he will enter into a consent agreement and order with the West Virginia Board of Pharmacy wherein he will agree to voluntarily surrender his pharmacy permit and license to practice pharmacy, and he will voluntarily surrender his DEA Registration Number to the DEA.

    6.    **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Mr. Wooley will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing.  Mr. Wooley will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.  If Mr. Wooley fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement.  In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Wooley.

                                                                                    Defendant's initials

Robert B. Allen, Esquire
December 27, 2011
Page 3                                    Re:  Mr. James P. Wooley

7. **PAYMENT OF MONETARY PENALTIES.** Mr. Wooley agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Wooley further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

8. **COOPERATION.** Mr. Wooley will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Wooley may have counsel present except when appearing before a grand jury. Further, Mr. Wooley agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Wooley, and except as expressly provided for in paragraph 11, nothing contained in any statement or testimony provided by Mr. Wooley to this agreement, or any evidence developed therefrom, will be used against Mr. Wooley, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Wooley for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Wooley for perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Wooley stipulate and agree that the facts comprising the offenses of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Wooley agrees that if he withdraws from this agreement, or

_____
Defendant's
initials

Robert B. Allen, Esquire
December 27, 2011
Page 4                                    Re:  Mr. James P. Wooley

this agreement is voided as a result of a breach of its terms by Mr. Wooley, and he is subsequently tried on any of the charges in the information, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Wooley or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Wooley or on his behalf.  Mr. Wooley knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts.  If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

   The United States and Mr. Wooley understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

   12.  **WAIVER OF STATUTES OF LIMITATION AND PRETRIAL DELAY.**  Mr. Wooley knows that there is a five-year statute of limitations within which the United States must bring criminal charges for the charge set forth in the information attached hereto as Exhibit A.  Nevertheless, Mr. Wooley knowingly and voluntarily waives all defenses based on the applicable statutes of limitations, and pre-indictment delay under the Federal Rules of Criminal Procedure or the Constitution, with respect to the charge in the information attached as Exhibit A.

   Furthermore, Mr. Wooley knowingly and voluntarily agrees that in the event (a) this agreement is voided or not accepted by the District Court, (b) he withdraws from the agreement, or (c) his conviction is vacated for any reason, then any prosecution of an offense or offenses that were completed as of the date defendant executes this agreement and that could be joined with the information attached as Exhibit A under Fed. R. Crim. P. 8, may be commenced against him.  Any such prosecution, however, must be commenced not later than six months after the occurrence of one of the conditions in (a), (b) or (c) above.  Mr. Wooley knowingly and voluntarily waives all defenses based on the applicable statute of limitations, and pre-indictment delay under the Federal Rules of Criminal Procedure or the Constitution with respect to any such potential future prosecution.

   13.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.**  Mr. Wooley and the United States knowingly and voluntarily waive the right to seek appellate review of any sentence or fine imposed by the District Court, or the manner in which the sentence or fine was determined,

                                           _____
                                           Defendant's
                                           initials

Robert B. Allen, Esquire
December 27, 2011
Page 5                                              Re:  Mr. James P. Wooley

or any other issue in this case, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as the sentence is 2 years probation as set forth in Paragraph 4 above, and the fine does not exceed the authorized statutory maximum.

Mr. Wooley also knowingly and voluntarily waives the right to challenge his guilty plea and his convictions resulting from this plea agreement, and any sentence imposed for the convictions, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    14.  **WAIVER OF FOIA AND PRIVACY RIGHT.**  Mr. Wooley knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    15.  **FINAL DISPOSITION.**  Should the Court accept this plea agreement, it is bound to the sentence as set forth in paragraph 4, "Rule 11(c)(1)(C) Agreement." If the Court does not accept this plea agreement and Mr. Wooley decides not to withdraw his guilty plea, then the matter of sentencing is within the sole discretion of the Court. The United States reserves the right to:

    (a)  Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)  Respond to questions raised by the Court;

    (d)  Correct inaccuracies or inadequacies in the presentence report;

    (e)  Respond to statements made to the Court by or on behalf of Mr. Wooley;

    (f)  Advise the Court concerning the nature and extent of Mr. Wooley's cooperation; and

    (g)  Address the Court regarding the issue of Mr. Wooley's acceptance of responsibility.

Defendant's initials

Robert B. Allen, Esquire
December 27, 2011
Page 6                                              Re:  Mr. James P. Wooley

16. **VOIDING OF AGREEMENT.** If either the United States or Mr. Wooley violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

17. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Wooley in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Wooley in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                              R. BOOTH GOODWIN II
                              United States Attorney

                     By:      [signature]
                              STEVEN I. LOEW
                              Assistant United States Attorney

SIL/dlr

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this six-page agreement that I have read and carefully discussed every part of it with my attorneys, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorneys have advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorneys in this matter.

[signature]                                         12/29/11
JAMES P. WOOLEY                                     Date Signed
Defendant


[signature]                                         12/29/11
ROBERT B. ALLEN                                     Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. _____
          21 U.S.C. § 846

JAMES P. WOOLEY

# INFORMATION

(Conspiracy to acquire or obtain controlled substances by misrepresentation, fraud, forgery, deception and subterfuge)

The United States Attorney Charges:

1. At all relevant times, Defendant JAMES P. WOOLEY was a registered pharmacist licenced by the West Virginia Board of Pharmacy and authorized by the United States Drug Enforcement Administration to dispense controlled substances.

2. From May 2006, through September 2006, at or near Kermit, Mingo County, West Virginia, within the Southern District of West Virginia, and elsewhere, defendant JAMES P. WOOLEY, and other persons known and unknown to the United States Attorney, conspired to commit offenses in violation of 21 U.S.C. § 843(a)(3), that is, knowingly and intentionally to acquire and obtain controlled substances by misrepresentation, fraud, forgery, deception and subterfuge.

In violation of Title 21, United States Code, Section 846.

UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: _____
STEVEN I. LOEW
Assistant United States Attorney

**"PLEA AGREEMENT EXHIBIT A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                       CRIMINAL NO. _____

JAMES P. WOOLEY

### STIPULATION OF FACTS

The United States and James P. Wooley (Defendant) stipulate and agree that the facts comprising the offense of conviction in the information to be filed against him in the Southern District of West Virginia, include the following:

1. At all relevant times:

   a. Defendant was a licensed pharmacist. Defendant was the owner/operator of a West Virginia business known as Strosnider Drug Store, Inc., which did business as SAV-RITE Pharmacy in two locations at or near Kermit, Mingo County, West Virginia.

   b. As a licensed pharmacist, Defendant knew that he had a responsibility under 21 C.F.R. § 1306.05(f)(2011) to only dispense a prescription for controlled substances where he knew, or should have known, that the prescription was valid.

   c. Defendant knew the requirements for a physician to issue a valid prescription as set forth in 21 U.S.C. § 829 and 21 C.F.R. § 1306.

2. From in or about June 2006 and through September 2006, Defendant, both personally as a pharmacist, and through other pharmacists at his company, who were under his direction and with his knowledge, dispensed controlled substances to patients of the Justice Medical Clinic ("JMC"), and Defendant knew or should have known that some of the prescriptions were not valid.

3. The controlled substance prescriptions Defendant and his employees dispensed were not valid because they dispensed the controlled substances to patients of JMC without a doctor's written prescription and knowing that JMC was closed for failure to obtain a Certificate of Need from the West Virginia State Health Care Authority ("HCA").

**"PLEA AGREEMENT EXHIBIT B"**

4. Defendant knew or should have known that he and employees under his direct supervision and control and with his knowledge were dispensing invalid prescriptions for the following, among other, reasons:

> Dr. F.E. has previously stated and would testify that he directly informed Defendant to not accept prescriptions that did not come from him in the normal course of practice, i.e., a written prescription with his signature containing all of the required information regarding the patient and the prescription. Defendant, however, issued numerous prescriptions under Dr. F.E.'s DEA number between June and September 2006, when Defendant knew that JMC was closed and that Dr. F.E. was not issuing prescriptions for patients from JMC. In fact, Defendant wrote a letter to the HCA on June 5, 2006, on behalf of JMC, and seeking the HCA's cooperation in issuing the Certificate of Need so JMC could continue providing medical services to the patients who were filling their prescriptions at Defendant's pharmacies.

This Stipulation of Facts is set forth for the limited purpose of establishing a factual basis for the crime charged in the information.

_____     Date 12/29/11
JAMES P. WOOLEY
Defendant

_____     Date 12/29/11
ROBERT B. ALLEN
Counsel for Defendant

_____     Date 1/4/12
STEVEN I. LOEW
Assistant United States Attorney

"PLEA AGREEMENT EXHIBIT B"
2