```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                           **CRIMINAL ACTION NO. 2:12-00007**

**JAMES P. WOOLEY**


<u>O R D E R</u>

On the 2nd day of February, 2012, the United States of America appeared by Steven I. Loew, Assistant United States Attorney, and the defendant appeared in person and by Robert B. Allen, his counsel.

Counsel for the United States informed the court that a single-count information had been filed on January 6, 2012, charging the defendant with one violation of Title 21, United States Code, Section 846.

After the court advised defendant of his right under Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment, the defendant waived in writing in the presence of the court and his counsel prosecution by indictment and

consented that the proceeding be by information, which written waiver is ORDERED filed.

Counsel for the United States then presented to the court the plea agreement between the United States and the defendant, which plea agreement is ORDERED filed.

The defendant informed the court that he wished to enter a plea of GUILTY to the information.  After the court explained the charge contained in the information, the defendant entered the plea of GUILTY as charged.

Before accepting the plea, the court personally addressed the defendant pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and informed the defendant of the nature of the charge contained in the information, the elements of the offense, and the rights to which the defendant is entitled.

The court being satisfied from the admissions of the defendant that a factual basis exists for the plea, and further that the plea was made voluntarily and that the defendant understands the nature of the charge, the elements of the offense, and the mandatory minimum penalty, if any, the maximum possible penalty provided by law for the offense to which the

plea is offered, and the terms of and waivers in the plea agreement, the written plea of guilty executed by the defendant in the presence of the court is ORDERED filed.

Inasmuch as the defendant's plea is based on the parties' agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which, if accepted by the court, would be binding upon the court, the court deferred accepting the plea and the plea agreement until the court has considered the presentence report.

The court ORDERED that the Probation Department of this court shall conduct a presentence investigation of the defendant and disclose the presentence report to the defendant and to counsel by March 22, 2012; counsel shall communicate to the Probation Department by April 5, 2012, any objections to the presentence report; the presentence report, together with an addendum setting forth any unresolved objections, shall be submitted to the court by April 19, 2012; and the defendant shall appear before the court for sentencing at 1:30 p.m. on May 3, 2012.  Unless otherwise ordered, the probation officer is directed not to disclose the probation officer's sentencing recommendation except to the court.

After hearing the parties with respect to release pending sentence, the court ORDERED, pursuant to Title 18, United States Code, Section 3142(b) and (c), that the defendant may be released upon execution of an unsecured bond in the amount of TEN THOUSAND DOLLARS ($10,000), with the special conditions set forth in the order setting conditions of release entered February 2, 2012.

The Clerk is directed to forward copies of this order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:   February 6, 2012

_____
John T. Copenhaver, Jr.
United States District Judge